| IN THE UNITED STATES DISTRICT COURT<br>FOR THE MIDDLE DISTRICT OF PENNSYLVANIA | |
|---|---|
| AMY YAKSIMA,<br>   PLAINTIFF | DOCKET NO. 3:23-CV-00008-KM |
| v. | CIVIL ACTION - LAW |
| ANDREW JOHN TUZINSKI; NICKOLAS BASOV; ANTHONY SMITH; JOHN OWENS; JEFF RAMIREZ; JOSHUA WOLINSKY; and FORTY FORT BOROUGH,<br>   DEFENDANTS | JURY TRIAL DEMANDED |
| **ORDER** | |

AND NOW, this ____ day of _____, 2023, upon consideration of the Partial Motion to Dismiss of Defendant Forty Fort Borough, it is hereby ORDERED and DIRECTED that said Motion is GRANTED, and Plaintiff's claims against Forty Fort Borough are dismissed with prejudice.

BY THE COURT:

_____

         J.

| IN THE UNITED STATES DISTRICT COURT<br>FOR THE MIDDLE DISTRICT OF PENNSYLVANIA | |
| --- | --- |
| AMY YAKSIMA,<br>          PLAINTIFF | DOCKET NO. 3:23-CV-00008-KM |
| v. | CIVIL ACTION - LAW |
| ANDREW JOHN TUZINSKI; NICKOLAS BASOV; ANTHONY SMITH; JOHN OWENS; JEFF RAMIREZ; JOSHUA WOLINSKY; and FORTY FORT BOROUGH,<br>          DEFENDANTS | JURY TRIAL DEMANDED |

## PARTIAL MOTION TO DISMISS OF FORTY FORT BOROUGH DEFENDANT

AND NOW comes, Defendant Forty Fort Borough, by and through its counsel, Margolis Edelstein, to dismiss the claims asserted in Plaintiff's Amended Complaint against it, and in support thereof, aver the following:

1.      Plaintiff commenced this action alleging a violation of her civil rights by filing a Complaint with this Honorable Court on January 4, 2023.  *See* Doc. 1.

2.      All Defendants filed Motions to Dismiss Plaintiff's Complaint.  Docs. 17, 19 & 28.

3.      Plaintiff filed an Amended Complaint on May 12, 2023, averring an additional 252 paragraphs for a total of 456 paragraphs.  Doc. 34.

4.      The essence of Plaintiff's Amended Complaint is that the entry into her home by various individuals acting under color of law and her subsequent arrest for harboring a fugitive, violated her rights protected under the Fourth Amendment and Fourteenth Amendments.  *See* Doc. 34 at Count I.

5. Plaintiff alleges in conclusory fashion that "while acting under color of law, all 'Defendants' caused Plaintiff to be subjected to a deprivation of rights, liberties and immunities secured by the Constitution." *Id.* at ¶ 361.

6. Additionally, Plaintiff pleads that Defendant Andrew John Tuzinski was the Mayor of Forty Fort Borough and was the "top policy maker and chief law enforcement officer for Forty Fort Borough." Plaintiff further pleads in conclusory fashion that Defendant Tuzinski's "words and/or directions were that of Forty Fort Borough." *Id.* at ¶ 10.

7. In an inappropriate attempt to bind Defendant Forty Fort Borough to the conduct of Defendant Tuzinski, Plaintiff also pleads, in conclusory fashion, that "Tuzinski's conduct, statements and directions ***were the policy*** of Forty Fort Borough." *Id.* (emphasis added).

8. Additionally, while Forty Fort is named as a Defendant in the case, Plaintiff fails to plead a discrete claim in a Count asserting that Defendant Forty Fort is liable to Plaintiff as a municipal Defendant. *See* generally Doc. 1.

9. Instead, in Count I, Plaintiff alleges that "Defendants unreasonably searched plaintiff's property . . . ." *Id.* at ¶ 367. Plaintiff further alleges that Defendants had no probable cause to enter Plaintiff's house. *See, e.g.*, *id.* at ¶ 369. Additionally, Plaintiff alleges that Defendants had no exigent circumstances, nor did they have Plaintiff's consent to enter the house. *Id.* at ¶¶ 371-72.

10. In her Amended Complaint, Plaintiff still concedes that the Officers had the approval of the ADA to enter the home under the exigency exception to the warrant

requirement.  Crucially, Plaintiff has also still failed to plead facts to support that any misrepresentations were a function of a policy of custom of Forty Fort.  *Id.* at ¶¶ 277-79.

11.     Defendants are mindful that Plaintiff alleges Officer Basov misrepresented facts to secure the ADA's approval.  Defendants deny this incorrect allegation, but for purposes of the instant Motion, Defendants have withdrawn their Motion to Dismiss the individual named Defendants.  This issue will be reserved for a future motion following close of discovery.

12.     However, despite the *addition* of over two hundred allegations, Plaintiff has still not pled facts to establish that the entry into Plaintiff's residence where the subject of the search was knowingly concealed by Plaintiff, was the result of a policy or custom.

13.     The allegations that purport to implicate Forty Fort Borough as a Defendant are the following:

> 375.   It is the policy or custom of Forty Fort to unconstitutionally
>         and illegally search and seize property.
>
> 376.   It is the policy or custom of Forty Fort to fabricate exigency
>         to unconstitutionally and illegally search and seize property.
>
> 377.   It is the policy or custom of Forty Fort to unconstitutionally
>         and illegally obtain evidence as pretext to arrest individuals.
>
> 378.   It is the policy or custom of Forty Fort to use police power to
>         harass people that challenge their political authority.

*Id.* ¶¶ 375-378.

14.     As ostensible support for their unstated *Monell* claim, Plaintiff alleges that Defendant Tuzinski, as the chief policy maker of Forty Fort, was "encouraging and directing police officers to fabricate exigency" for the purpose of illegally entering

Plaintiff's home.  *Id.* at ¶ 136.  Plaintiff also alleges Defendant Tuzinski can be heard on body cam footage stating that he had "previously manufactured exigency in order to illegally enter someone's home."  *Id.* at ¶ 137.  Plaintiff also pleads that Defendant Smith commented that fabricating exigency was an "old school" practice formerly used to enter a person's home for purposes of a search.  *Id.* at ¶¶ 52-55.  Nothing in that conversation states that the "old school" reference applied to Forty Fort Borough, much less that it was still in practice.

15.    Notably, there are no facts pled in the Amended Complaint to establish that the former "old school way" was ever a practice or custom of Forty Fort.

16.    It is not disputed that Mr. Tuzinski was at all times relevant to this action the Mayor of Forty Fort.  It is contested however that his actions constitute a policy or custom sufficient to hold the Borough liable under a *Monell* theory.

17.    Plaintiff attempted to cure the deficiencies in her first Complaint with the addition of 252 new paragraphs.  However, despite having nearly six (6) hours of video and audiotape upon which to rely, nowhere in Plaintiff's Amended Complaint does Plaintiff allege any ***facts*** identifying a "policy" issued by the Borough, or a custom so frequent that it carries with it the "force of law," that led to a constitutional injury.

18.    On the contrary, the plethora of impertinent allegations alleged in Plaintiff's Amended Complaint does little more than besmirch the good reputations of the Forty Fort Defendants and improperly ascribe a policy or custom when there is none.

19.    Because Plaintiff has failed to plead facts to establish the existence of a policy or custom, much less how that policy or custom caused her injuries, Plaintiff's claim against Forty Fort Borough must fail as a matter of law.

WHEREFORE, Defendant Forty Fort Borough respectfully requests this Honorable Court to enter judgment in its favor and grant its Motion to Dismiss.

MARGOLIS EDELSTEIN

Date:  May 25, 2023                    By:  _____

ROLF E. KROLL
Attorney I.D. No. 47243
CLAIRE A. MURTHA
Attorney I.D. No. 332014
214 Senate Avenue, Suite 402
Camp Hill, PA  17011
PHONE: 717-760-7502
FAX: 717-975-8124
EMAIL: rkroll@margolisedelstein.com
*Counsel for Defendants,*
*Andrew John Tuzinski, Nickolas Basov,*
*Anthony Smith and Forty Fort Borough*

| PROOF OF SERVICE |
|---|

I HEREBY CERTIFY that on this 25th day of May, 2023, a copy of the foregoing document was served upon the following via ECF Notification:

Leonard Gryskewicz, Jr.
Lampman Law
2 Public Square
Wilkes-Barre, PA  18701
Lenny@LampmanLaw.com
*(Counsel for Plaintiff)*

Andrew M. Rongaus, Esquire
Paul Verduci, Esquire
Siana Law
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
amrongaus@sianalaw.com
pverduci@sianalaw.com
*(Counsel for Defendant, Jeff Ramirez)*

Patrick J. Boland, III, Esquire
Marshall Dennehey
P.O. Box 3118
Scranton, PA  18505
PHONE: 570-496-4600
EMAIL:
*(Counsel for Defendants,*
*John Owens and Joshua Wolinsky)*

MARGOLIS EDELSTEIN

By: _____
ROLF E. KROLL
Attorney I.D. No. 47243
214 Senate Avenue, Suite 402
Camp Hill, PA  17011
PHONE: 717-760-7502
FAX: 717-975-8124
EMAIL: rkroll@margolisedelstein.com
*Counsel for Defendants,*
*Andrew John Tuzinski, Nickolas Basov,*
*Anthony Smith and Forty Fort Borough*